**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN, UNITED STATES TRUSTEE**
**REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS**
**JAYSON B. RUFF, TRIAL ATTORNEY**
**515 Rusk, Suite 3516**
**Houston, TX 77002**
**Telephone:  (713) 718-4650 Ext 252**
**Fax:  (713) 718-4680**
**E-Mail: jayson.b.ruff@usdoj.gov**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **PORT ARTHUR STEAM ENERGY, LP,** | § | Case No. 21-60034(CML) |
| | § | |
| | § | |
| | § | |
| **DEBTOR.** | § | |

**OBJECTION OF UNITED STATES TRUSTEE TO**
**DEBTOR'S DESIGNATION AS A SUBCHAPTER V SMALL BUSINESS DEBTOR**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), objects to Port Arthur Steam Energy, LP's (the "Debtor") designation as a Subchapter V small business debtor, and represents as follows:

**I. Preliminary Statement**

As of the filing of this case, Debtor was not and currently is not engaged in any ongoing commercial or business activities.  Consequently, Debtor does not meet the definition of a debtor set forth in 11 U.S.C. § 1182(1) and does not qualify to proceed under Subchapter V of the Bankruptcy Code.  Debtor's case should be converted to a non-Subchapter V proceeding.

1

**II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order**

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2.      This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.      Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

4.      The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3).

**III. Factual Background**

5.      On April 14, 2021 (the "Petition Date"), the Debtor filed its chapter 11 voluntary petition [Dkt. No. 1] (the "Petition") and elected to proceed under Subchapter V of chapter 11 on its Petition.

6.      On April 15, 2021, Drew McManigle was appointed as Debtor's Subchapter V Trustee.

7.      On April 14, 2021, the Debtor filed its Plan [Dkt. No. 3] (the "Plan").

2

8.      According to the Debtor's Plan, the Debtor ceased its ongoing commercial or business activities on or about June 25, 2018 and the purpose of this bankruptcy is to continue its liquidation. Plan, pgs. 2-3.

9.      The first meeting of creditors is scheduled for May 20, 2021.

### IV. Argument

10.      Pursuant to Federal Rule of Bankruptcy Procedure 1020(b), the United States Trustee or any party in interest may object to a debtor's designation as a small business case within 30 days of the conclusion of the debtor's meeting of creditors. Accordingly, this objection is timely filed.

11.      The Debtor bears the burden of demonstrating that they are eligible to proceed under Subchapter V. *Montgomery v. Ryan (In re Montgomery),* 37 F.3d 413, 415 (8th Cir. 1994) (holding that party filing petition bears burden of proving eligibility).

12.      The Small Business Reorganization Act of 2019 ("SBRA")[1], was enacted to "address reorganization of small businesses" by creating a new Subchapter V to Chapter 11 of the Bankruptcy Code. 116 Pub. L. 54, 1133 Stat. 1079 (Aug. 23, 2019). When enacted as part of SBRA, 11 U.S.C. §1182(1) stated, "The term 'debtor' means a small business debtor."

13.      A "small business debtor" is defined in § 101(51D) as "a person engaged in commercial or business activities … that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition …[of] not more than $2,725,625 … not less than 50 percent of which arose from the commercial or business activities of the debtor."

---

[1] Pub. L. 116-54, § 5, 133 Stat. 1079, 1087 (effective Feb. 19, 2020), codified primarily at 11 U.S.C. §§ 1181-1195.

3

14.     However, on March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") became law. Pub. L. 116-136, 134 Stat. 281 (2020). The CARES Act amended § 1182(1) to read:

"The term 'debtor'-

(A) . . . means a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . [of] not more than $7,500,000 . . . not less than 50 percent of which arose from the commercial or business activities of the debtor . . .

15.     The language added to § 1182(1) by the CARES Act mirrors the definition of "small business debtor" under § 101(51D) except that it increases the debt limit to $7,500,000.[2]

16.     The definition has two principal requirements. First, the debtor must be a person "engaged in commercial or business activities." Second, the debtor must fall within the debt limit, of which at least 50% the debt must arise "from the commercial or business activities of the debtor." It is the first requirement that the Debtor in this case fails to meet.

17.     The term "engaged" is an active verb and is used in the statute in its plain, ordinary connotation, meaning that a debtor must be actively engaged in commercial or business activities at the time of filing.

18.     In interpreting the definition of debtor under § 1182(1), the Court must construe the statutory definition "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citations omitted).

---

[2] The definition in § 1182(1), as set forth in the CARES Act, was set to expire on March 27, 2021. Such provision was extended for another year by the COVID-19 Bankruptcy Relief Extension Act of 2021, which sunsets March 27, 2022.

Therefore, the term "engaged in commercial or business activities" must have meaning separate and apart from the debt-limit language.

19.     Moreover, since § 1182(1) duplicates the definition of "small business debtor" found in § 101(51D), it is relevant to look at how the term "engaged in" is used in other subsections of § 101. It is presumed that "identical words used in different parts of the same statute carry the same meaning." *E.g., Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1723 (2017); *see also Ibrahim v. C.I.R.,* 788 F.3d 834, 836-37 (8th Cir. 2015).

20.     Section 101(18) defines a family farmer as an "individual … *engaged in* a farming operation. . .." (Emphasis added). In interpreting this section, the Eleventh Circuit held that family farmers must be engaged in farming operations at the time they file for Chapter 12 relief. *Watford v. Federal Land Bank of Columbia (In re Watford)*, 898 F.2d 1525, 1527 (11th Cir. 1990); *see also In re Paul*, 83 B.R, 709, 712 (Bankr. D.N.D. 1988) (noting that word is present tense; debtors must be "currently engaged" in a farming operation); *In re Haschke*, 77 B.R. 223, 225 (Bankr. D. Neb. 1987) (same).

21.     Similarly, § 101(44) defines "railroad" as a "common carrier by railroad *engaged in* the transportation of individuals or property or owner of trackage facilities leased by such a common carrier." (Emphasis added). In interpreting this section, the Third Circuit held that the word "engaged" was used by Congress in its plain, ordinary meaning as present tense, and noted that "an entity that has abandoned being engaged in transporting goods and people does not on the most natural reading of this language concern a railroad, it concerns a former railroad." *Hileman v. Pittsburgh & Lake Erie Properties, Inc. (In re Pittsburgh & Lake Erie Properties, Inc.)*, 290 F.3d 516, 519-20 (3d Cir. 2002); s*ee also McGray Const. Co. v. Director, OWCP,* 181 F.3d 1008, 1015 (9th Cir. 1999) (holding that "engaged in maritime employment" under the Longshore and Harbor Workers' Compensation Act is present tense).

22.     The term "engaged in" is also found in § 101(27A) defining health care business. Courts interpreting this section have construed this definition as present tense and have not required the appointment of a patient-care ombudsmen where the debtor is no longer providing health care services. *See*, e.g., *In re Banes*, 355 B.R. 532, 535 (Bankr. E.D.N.C. 2006) (debtor not health care business because no longer engaged in the practice of dentistry; "engaged in" is present tense).

23.     In spite of the plain language of §§ 101(51D) and 1182(1), the well-established principles of statutory construction, and prior cases interpreting the same language in the other provisions of the same statute, a South Carolina bankruptcy court allowed a debtor not currently engaged in commercial or business activities to remain in Subchapter V. *In re Wright*, 2020 WL 2193240 (Bankr. D.S.C. April 27, 2020).

24.     *Wright* is wrongly decided.  It ignores canons of statutory interpretation by effectively reading the phrase "engaged in commercial or business activities" out of the statute. It should not be viewed as persuasive authority on this issue.  This Court should instead follow the more recent decision of *In re Thurmon*, 625 B.R. 417 (Bankr. W.D. Mo. 2020).

25.     The Court in *Thurmon* recognized the failings of the *Wright* decision and summarized the proper statutory interpretation of 11 U.S.C. § 1182(1)(A) very well when it stated:

> The plain meaning of "engaged in" means to be actively and currently involved. In § 1182(1)(A) of the Bankruptcy Code, "engaged in" is written not in the past or future but in the present tense. To add the word "currently" to the phrase "engaged in" would be redundant, because the currency of the involvement or activeness is inherent in the idea of being "engaged in" something.

*Id.* at 422.

26.     Since *Thurmon* was decided, the vast majority of courts have followed its statutory interpretation of 11 U.S.C. § 1182(1)(A).  See for example *In re: OFFER SPACE, LLC*, No. BR

6

20-27480, 2021 WL 1582625, at *4 (Bankr. D. Utah Apr. 22, 2021); *In re Ikalowych*, No. BR 20-17547 TBM, 2021 WL 1433241, at *12 (Bankr. D. Colo. Apr. 15, 2021) ("[T]he 'engaged in' phrase is used throughout the Bankruptcy Code, and it always means the same thing: that a person or entity is presently doing something."); *In re Johnson*, No. 19-42063-ELM, 2021 WL 825156, at *6 (Bankr. N.D. Tex. Mar. 1, 2021) (finding that the " 'engaged in' inquiry is inherently contemporary in focus instead of retrospective, requiring the assessment of the debtor's current state of affairs as of the filing of the bankruptcy petition").

27.     "'Congress knew how to restrict recourse to the avenues of bankruptcy relief; it did not place Chapter 11 reorganization beyond the reach of a nonbusiness individual debtor.' Conversely, if Congress had intended to make all debtors with business debts below the debt cap eligible for subchapter V small business relief regardless of whether the business was still operating, it could have done so." *In re Thurmon*, 625 B.R. 417, 423 (Bankr. W.D. Mo. 2020); Quoting *Toibb v. Radloff*, 501 U.S. 157, 161, 111 S. Ct. 2197, 2199, 115 L. Ed. 2d 145 (1991).

28.     This Court too should conclude that, "to be eligible for Subchapter V, a debtor must be presently 'engaged in commercial or business activities' on the date of filing the petition for relief." *In re: OFFER SPACE, LLC*, 2021 WL 1582625, at *4.

## V. Conclusion

29.     Based on the foregoing and the fact that Debtor, by its own admission, was not engaged in commercial or business activities as of the Petition Date, Debtor does not meet the definition of a debtor set forth in 11 U.S.C. § 1182(1) and does not qualify to proceed under Subchapter V of the Bankruptcy Code.  Debtor's case should be converted to a non-Subchapter V proceeding.

[Space Intentionally Blank]

WHEREFORE, the United States Trustee respectfully requests that the Court strike the Debtor's designation as a Subchapter V small business debtor, allow the Debtor to continue under Chapter 11, and grant such other and further relief as it deems just and proper.

Dated:  May 5, 2021                                 Respectfully Submitted,

                                                    KEVIN M. EPSTEIN
                                                    UNITED STATES TRUSTEE

                                                    By: /s/Jayson B. Ruff
                                                    Jayson B. Ruff
                                                    Trial Attorney
                                                    Michigan Bar No. P69893
                                                    Houston, TX  77002
                                                    Telephone:  (713)718-4650 ext. 252
                                                    Facsimile:  (713)718-4670

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 30, 2021, I conferred with Johnie Patterson of Walker & Patterson, P.C., counsel for the Debtor, but the parties were unable to resolve the matter.

                                                    /s/ Jayson B. Ruff
                                                    Jayson B. Ruff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 5th day of May, 2021.

                                                    /s/ Jayson B. Ruff
                                                    Jayson B. Ruff