UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN, UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS
JAYSON B. RUFF, TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, TX 77002
Telephone:  (713) 718-4650 Ext 252
Fax:  (713) 718-4680
E-Mail: jayson.b.ruff@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: § | CHAPTER 11 | |
| § | | |
| PORT ARTHUR STEAM ENERGY, LP, § | Case No. 21-60034(CML) | |
| § | | |
| § | | |
| § | | |
| DEBTOR. § | | |

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO**
**CHAPTER 11 (SUBCHAPTER V) PLAN OF PORT ARTHUR STEAM ENERGY, LP**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), objects to the *Chapter 11 (Subchapter V) Plan* [Dkt. No. 3] (the "Plan")[1] filed by Port Arthur Steam Energy, LP (the "Debtor"), and represents as follows:

**I. Preliminary Statement**

Contemporaneously with the filing of this limited objection to the Plan, the U.S. Trustee filed its Objection to Debtor's Designation as a Subchapter V Small Business Debtor [Dkt. No.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

1

10] (the "Subchapter V Objection").  In the Subchapter V Objection, the U.S. Trustee asserts that Debtor is not engaged in commercial or business activities.  As such, Debtor is not eligible for Subchapter V as it does not meet the definition of small business debtor under 11 U.S.C. § 1182(1).  This limited objection is being filed to avoid confirmation of Debtor's Plan if the Subchapter V Objection is sustained.

**II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order**

1. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2. This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3. Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

4. The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

### III. Factual Background

5.     On April 14, 2021 (the "Petition Date"), the Debtor filed its chapter 11 voluntary petition [Dkt. No. 1] (the "Petition") and elected to proceed under Subchapter V of chapter 11.

6.     On April 15, 2021, Drew McManigle was appointed as Debtor's Subchapter V Trustee.

7.     On April 15, 2021, the Debtor filed its Plan.

### IV. Argument

8.     The U.S. Trustee has reviewed Debtor's Plan and has no objections to the Plan if Debtor is permitted to proceed under Subchapter V of the Bankruptcy Code.  However, as set forth in the Subchapter V Objection, Debtor needs to show that it is "engaged in commercial or business activities" to be eligible to proceed under Subchapter V.  Absent that showing, Debtor does not meet the definition of small business debtor under 11 U.S.C. § 1182(1).

9.     If the Court agrees with the U.S. Trustee's position, Debtor's Plan should not be confirmed because it does not comply with certain provisions applicable to Chapter 11 cases proceeding outside of Subchapter V, including but not limited to 11 U.S.C. §§ 1125 and 1129(a)(12).

[Space Intentionally Blank]

WHEREFORE the United States Trustee respectfully requests this Court to deny confirmation of the Plan and grant such other and further relief as it may deem just and proper.

Dated:  May 5, 2021                                    Respectfully Submitted,

                                              KEVIN M. EPSTEIN
                                              UNITED STATES TRUSTEE

                                              By: /s/Jayson B. Ruff
                                              Jayson B. Ruff
                                              Trial Attorney
                                              Michigan Bar No. P69893
                                              Houston, TX  77002
                                              Telephone:  (713)718-4650 ext. 252
                                              Facsimile:  (713)718-4670

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on April 30, 2021, I conferred with Johnie Patterson of Walker & Patterson, P.C., counsel for the Debtor, but the parties were unable to resolve the matter.

                                                                /s/ Jayson B. Ruff
                                                                Jayson B. Ruff

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 5th day of May, 2021.

                                                                /s/ Jayson B. Ruff
                                                                Jayson B. Ruff